**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4188**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON ALLEN QUICK,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge. (5:06-cr-00183)

Submitted:  January 17, 2008      Decided:  January 22, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David C. Smith, SMITH & SCANTLEBURY, L.C., Bluefield, West Virginia, for Appellant.   Charles T. Miller, United States Attorney; John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Allen Quick appeals his conviction and 140-month sentence imposed following his guilty plea to manufacturing methamphetamine. On appeal, he challenges the district court's refusal to grant him a sentencing reduction for acceptance of responsibility, the inclusion in relevant conduct of the amount of methamphetamine he manufactured for his personal consumption, and the effectiveness of his trial counsel. Finding no error, we affirm Quick's conviction and sentence.

First, Quick asserts that the district court erred by denying him a downward adjustment for acceptance of responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1 (2006). Although Quick pled guilty to manufacturing methamphetamine and readily admitted his offense conduct, the district court denied him the acceptance of responsibility reduction because he used illegal drugs while he was on pretrial release. The district court did not clearly err by denying the acceptance of responsibility reduction based on Quick's continued involvement in criminal conduct. See USSG § 3E1.1, comment. (n.3); United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999) (providing standard).

Quick next argues that the court erred by including as relevant conduct the amounts of methamphetamine that he manufactured for his personal use. He relies on a number of cases, which hold that personal use amounts are not counted when the

defendant is convicted of possession with intent to distribute, conspiracy to distribute, or conspiracy to possess with intent to distribute. Quick was convicted of manufacturing methamphetamine. Unlike in the case of distribution where an amount intended for personal use would not be distributed, in this case, Quick manufactured all of the methamphetamine for which he was held accountable, whether he ultimately used it or sold it. Thus, we find that the district court properly included in Quick's relevant conduct the total amount of methamphetamine he manufactured, without reducing it by the amount made for personal use. See United States v. Wood, 57 F.3d 913 (10th Cir. 1995) (applying same reasoning where defendant convicted of manufacturing marijuana).

Quick's last claim is that counsel was ineffective for failing to move to suppress evidence. Claims of ineffective assistance of trial counsel are not cognizable on direct appeal unless such ineffectiveness conclusively appears from the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, such claims should be raised, if at all, in a proceeding under 28 U.S.C. § 2255 (2000). Because the record does not conclusively establish that counsel provided ineffective assistance, we decline to consider the merits of this issue on direct appeal.

In conclusion, we affirm Quick's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED